# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

MAMO TEMESGEN,

       Petitioner,

  v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

       Respondent.

5:26-cv-76

---

MAMO TEMESGEN,

       Petitioner,

  v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

       Respondent.

5:26-cv-142

## ORDER

These matters are before the Court on Petitioner Mamo Temesgen's ("Temesgen") 28 U.S.C. § 2241 Petitions in the above-captioned cases and Respondent's Motion to Consolidate in Case Number 5:26-cv-142, dkt. no. 3. After review, Temesgen's allegations in his Petitions are related to each other. Thus, the Court **GRANTS** Respondent's Motion and **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 5:26-cv-142 upon the record and docket of Civil Action Number 5:26-cv-76;

**CONSOLIDATE** Civil Action Numbers 5:26-cv-76 and 5:26-cv-142; and **CLOSE** Civil Action Number 5:26-cv-142 and enter the appropriate judgment of dismissal in Civil Action Number 5:26-cv-142.  The Court **DIRECTS** the Clerk of Court to refund Temesgen the $5.00 filing fee paid in Civil Action Number 5:26-cv-142.  The Court **DIRECTS** Respondent to submit any necessary response to Temesgen's Petition, as amended by this consolidation, within 21 days of this Order.

### DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted).  "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion."  Id. at 1169 (internal quotes omitted).  The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice."  Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can consolidate cases under Rule 42(a)).  In exercising this discretion, district courts must weigh the risk of

2

prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated.  Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Temesgen's Petitions reveals he seeks his release from detention at the ICE Processing Center.  The resolution of the allegations in both Petitions will require application of common factual and legal questions.  In light of the facts presented and the factors set forth in Hendrix, the Petitions in these two causes of action should be considered together to ensure consistent rulings.

**CONCLUSION**

For the above-stated reasons, the Court **GRANTS** Respondent's Motion and **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 5:26-cv-142 upon the record and docket of Civil Action Number 5:26-cv-76; **CONSOLIDATE** Civil Action Numbers 5:26-cv-76 and 5:26-cv-142; and **CLOSE** Civil Action Number 5:26-cv-142 and enter the appropriate judgment of dismissal in Civil Action Number 5:26-cv-142.  The Court **DIRECTS** the Clerk of Court to refund Temesgen the $5.00 filing fee paid in Civil Action Number 5:26-cv-142.  The Court **DIRECTS** Respondent to submit any

3

necessary response to Temesgen's Petition, as amended by this consolidation, within 21 days of this Order.

**SO ORDERED,** this ___9___ day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA